UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

KENNETH LEO BENJAMIN and
GERALDINE BENJAMIN,

Case No. 11-13389-j7
Chapter 7

Debtors.

### CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY ANDRUS WAGSTAFF, P.C., LAWRENCE LITIGATION GROUP, LLP AND HOLLAND LAW FIRM, LLC AS SPECIAL COUNSEL

Edward A. Mazel, the chapter 7 trustee of the above-captioned bankruptcy estate (the "**Trustee**"), pursuant to 11 U.S.C. § 327(e), and other applicable law, if any, requests that the Court approve his employment of Andrus Wagstaff, P.C., Lawrence Litgation Group, LLP, and Holland Law Firm, LLC (collectively, the "**Special Counsel**") as the Trustee's special counsel in accordance with the terms and conditions set forth below. In support of this Application, the Trustee states:

1. <u>Procedural Status of the Case</u>. On July 27, 2011 (the "**Petition Date**"), Kenneth Leo Benjamin and Geraldine Benjamin (together, the "**Debtors**") commenced the above captioned case by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code. On November 7, 2011 the Debtors received their discharge, a final decree was entered and the case was closed by the Court.

2. <u>Reopening of the Case</u>. On December 3, 2021 the Court entered an Order reopening the Chapter 7 Case and the United States Trustee appointed Edward A. Mazel as the Chapter 7 Trustee of this case.

3. <u>Product Liability Case</u>. The Debtor did not schedule a prepetition product liability claim for physical injuries allegedly suffered by the Debtor from his exposure to glyphosate (the

"**Claim**"). In 2017, and after closing of the bankruptcy case, the Debtor retained Special Counsel to pursue the Claim. Special Counsel is currently finalizing negotiations to settle the estate's products liability claim.

4. <u>The Trustee's Employment of Special Counsel</u>. The Trustee requests Court approval to employ Special Counsel as special counsel, pursuant to 11 U.S.C. §§ 327(e) and 328(a), on a contingency basis, to pursue the Claim and to assist the Trustee in finalizing and receiving funds from the potential settlement. The Trustee also requests authority to use Special Counsel in connection with the Claim and related matters, and to provide any other services required by the Trustee that are related to the Claim, within Special Counsel's expertise, and that Special Counsel agrees to provide.

5. <u>Disclosure.</u> To the best of the Trustee's knowledge, information, and belief, Special Counsel have no connection with the Trustee, the Debtor, the Debtor's creditors, or any other party in interest or their respective attorneys, other than the prior representation of the Debtor and any connections set out in their disclosures, attached hereto as <u>Exhibit A</u>.

6. <u>Payment Arrangement.</u> Special Counsel would charge the Trustee a contingent fee of forty percent (40%) of the gross recovery of the Claim and recovery of expenses. A copy of the Retainer Agreement is attached hereto as <u>Exhibit B</u>. The 40% contingency fee would be split between Special Counsel in the approximate percentages::

    Andrus Wagstaff, P.C.: 49%

    Lawrence Litigation Group, LLP: 41%

    Holland Law Firm, LLC: 10%

7. <u>Best Interest of the Estate.</u> The Trustee's employment of Special Counsel is in the best interest of the estate. Special Counsel is experienced in representing clients in claims for

damages arising from bodily injuries sustained by negligence or other illegal conduct and with liability lawsuits, with products liability being one of their main areas of practice. Special Counsel is already familiar with the Claim and has worked on the case since at least August 9, 2017. Under the circumstances, the Trustee believes it would be more effective, efficient, and fair to retain Special Counsel as his special counsel, compared to retaining new counsel. Special Counsel has already demonstrated their capability by obtaining what appears to be a fair settlement for the Claim.

8. As of the date of filing this Application, the Trustee has not paid Special Counsel any amounts.

9. The Trustee requests that Special Counsel's employment be made effective as of the date this Application is filed.

10. The Trustee has reviewed and approved this Application.

WHEREFORE, the Trustee requests that the Court (i) approve the Trustee's employment of Andrus Wagstaff, P.C., Lawrence Litgation Group, LLP, and Holland Law Firm, LLC as special counsel pursuant to 11 U.S.C. § 327(e), effective as of the date of filing of this Application, (ii) approve the reasonableness of Special Counsel's contingency fee proposed herein, (iii) allow the Trustee to compensate Special Counsel as set forth herein without further Court Order or notice to creditors, and (iv) provide such other and further relief as the Court deems just and proper.

Respectfully submitted,

MAZEL LAW, LLC

By: *s/ filed electronically*
    Edward A. Mazel
    PO Box 21151
    Albuquerque, NM 87154
    (505) 228.6042 (phone)
    ed@lawmazel.com
*Counsel for Chapter 7 Trustee*

This certifies that on September 6, 2022, a copy of the foregoing pleading was served by the Bankruptcy Court's electronic filing system on all parties who have entered an appearance in this case.

*s/ filed electronically*
Edward A. Mazel